James G. MALLAS, Plaintiff

v.

UNITED STATES of America, Defendant.

No. C–88–1045–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Nov. 29, 1994.

Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave by G. Nicholas Herman, Steven A. Bernholz, Roger B. Bernholz, and Terry Harn, Chapel Hill, NC, and Smathers & Thompson by James W. Crabtree, Charlotte, NC, for plaintiff.

Benjamin H. White, Asst. U.S. Atty., Greensboro, NC and Gerald J. Mene, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## MEMORANDUM OPINION

ERWIN, Senior District Judge.

### Introduction

This matter is before the Court upon Plaintiff's Motion For Award of Attorneys' Fees and Memorandum of Law in Support Thereof. The Court denied Plaintiff's motion for attorneys' fees in the amount of $175,-000.00 and related litigation expenses of $2,458.73. The Court advised Plaintiff to negotiate a fee agreement with the Defendant. If the parties could not agree, Plaintiff was permitted to re-petition the Court for attorneys' fees pursuant to Local Rule 210. Upon the re-petition, the Plaintiff should submit an itemized list of fees requested. The Plaintiff has submitted an itemized list. The Defendant has submitted its opposition to Plaintiff's motion for attorneys' fees. The parties have fully briefed the issues, and this matter is ready for ruling.

### Statement of Facts

This matter arises from events beginning in the late seventies with the formation of Genesis Leases, Inc. (Genesis) by Plaintiff James G. Mallas (Mallas) and the formation of Trinity Properties, Inc. (Trinity) by Robert V. Jones (Jones). Jones was a Plaintiff in the initial Complaint and through several stages of the litigation but is not a party in the current motion for attorneys' fees.

Genesis was in the business of selling coal leases in Kentucky and elsewhere, and Trinity resold the leases to third parties. Mallas and/or Jones later formed five other wholly-owned companies for the purposes described above and which were initially named as Plaintiffs.

Mallas sold the leases as a tax shelter program based on deductions allowed to participants in coal mining enterprises. The Internal Revenue Service questioned the validity of these deductions. After an investigation by the Criminal Investigation Division regarding the tax shelter program, Mallas

and Jones were indicted by a Grand Jury in the Western District of North Carolina on thirty-five counts of violations relating to alleged fraud and tax evasion in connection with the program. Mallas and Jones were acquitted on nineteen counts and convicted on sixteen counts by a jury on January 27, 1984.

Upon appeal by Mallas and Jones, the United States Court of Appeals for the Fourth Circuit reversed the convictions in an opinion decided on May 20, 1985. Despite the court of appeals' reversal, the Internal Revenue Service (IRS) sent a Pro Forma Revenue Agent's Report (RAR) form to participants in the tax shelter program stating that Mallas and Jones had been convicted but not stating that the conviction had been reversed. The IRS issues Pro Forma RAR forms to the public to provide an explanation for the denial of tax deductions. The Pro Forma RAR in question (1) recites that Jones and Mallas organized, promoted, and sold a coal mining promotion through Trinity Properties, Inc.; (2) states that on January 30, 1984 in federal district court in Charlotte, North Carolina, Mallas and Jones were convicted of operating a fraudulent mining tax shelter of Trinity Properties, Inc. and Omega Energy, Inc.; (3) states that Mallas and Jones were convicted on numerous counts, including conspiracy, income tax fraud, and interstate transportation; and (4) states that it was determined that Mallas and Jones used a financing scheme involving a check swap designed to give the appearance that each investor borrowed the necessary funds to claim advance minimum royalty deductions.

Mallas, Jones, Genesis, and Trinity, plus six other Plaintiffs filed a Complaint against eleven Defendants in October 1988. The Defendant's list was composed of the Internal Revenue Service, nine employees of the Internal Revenue Service, and the United States of America. The Complaint raised four causes of action. They were various constitutional violations, Privacy Act violations, common law libel, and wrongful disclosure under 26 U.S.C. § 7431. The Complaint alleged that all the Plaintiffs had collectively sustained damages in excess of $25 million.

Ultimately, and only after a flurry of motions from both sides, all Defendants except the United States of America and all Plaintiffs except Mallas and Jones were dismissed. Plaintiff Mallas was awarded $73,000.00 which represented statutory damages under 26 U.S.C. § 7431(c)(1). Although allowed for under the statute, no actual or punitive damages were awarded.

### Discussion

In any court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the prevailing party may be awarded a judgment or settlement for reasonable administrative and litigation costs incurred in connection with such court or administrative proceedings. 26 U.S.C. § 7430(a). In order to recover litigation costs under the statute, the claimant must be the prevailing party.

The prevailing party must: (1) establish that the position of the United States was not substantially justified; (2) substantially prevail with respect to the amount in controversy or substantially prevail with respect to the most significant issues or set of issues presented; *and* (3) meet requirements under Section 2412(d)(1)(B) of Title 28. 26 U.S.C. § 7430(c)(4). Requirement (3) has been satisfied; therefore, the Court will address in turn only the first two requirements of qualifying as a prevailing party.

In order for Mallas to recover attorneys' fees in this case, he must show that the position of the United States, specifically the Internal Revenue Service, was not substantially justified. Next, Mallas must show that he substantially prevailed with respect to the amount in controversy or on the most important issue or set of issues presented. Because this case began with ten Plaintiffs, eleven Defendants, and four causes of action and ended with two Plaintiffs prevailing against one Defendant on one cause of action, determining the amount of attorneys' fees, if any, to be awarded requires close analysis.

The Court must first determine if attorneys' fees should be awarded, that is, was Mallas the prevailing party? Only if that question is answered yes will the Court then determine the amount of fees.

### I. Was the position of the Government substantially justified?

█ Mallas contended throughout the litigation that he was harmed because the Government disclosed incorrect tax return information to his investors. The Government's disclosure to Mallas' investors did not acknowledge that criminal convictions in the federal court had been reversed. The Court of Appeals for the Fourth Circuit held that the information disclosed to the investors was indeed return information whether or not it was readily available from other sources. *Mallas v. United States*, 993 F.2d 1111, 1118 (4th Cir.1993). Judge Luttig wrote that the plain purpose of the Internal Revenue Code provision prohibiting disclosure of return information by the IRS is to encourage full compliance with the tax laws by assuring taxpayers that the IRS will not disclose the information provided to it in confidence. *Id.* at 1121. Judge Luttig rejected all the arguments presented by the Government in the court of appeals' opinion. It is clear that the Government disclosed return information in violation of the statute; therefore, its position was not substantially justified.

### II. Did Mallas prevail with respect to the amount in controversy or with respect to the most important issues or set of issues?

█ Mallas did not prevail with respect to the amount in controversy. The Complaint filed in 1988 claimed damages in excess of $25 million for all of the causes of action and all the Plaintiffs. After the dismissal of all causes of action except the violation of 26 U.S.C. § 7431, the Plaintiff asked for substantial punitive damages in excess of $3.4 million under that statute. Punitive damages were denied, and no actual damages were found. What the Plaintiff did recover was $73,000.00, which represents the statutory amount of $1,000.00 for each unauthorized

act of disclosure. Even though an insubstantial award is not dispositive, *Farrar v. Hobby*, —— U.S. ——, ——, 113 S.Ct. 566, 578, 121 L.Ed.2d 494, 509 (1992) (O'Connor, J., concurring), many courts view a disproportionally low award as a measure of lack of success. *Id.* at ——, 113 S.Ct. at 574 (discussing several cases where the damages awarded were only a fraction of those sought). The amount recovered by Mallas is in no way substantial compared to what was asked for during various stages of the litigation.

Because Mallas was not successful in recovering a substantial amount of his claim, he must have prevailed on the most important issues in order to recover attorneys' fees as the prevailing party. The plaintiff's victory must not be merely declaratory or procedural, it must reach the underlying merits of the claim. *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987).

The Complaint stated seventeen allegations of misconduct by the Government. Allegations 46 through 54 of the Complaint related to the unauthorized disclosure of return information. Allegations 55 through 62 related to the other causes of action that were subsequently dismissed. The other causes of action are argued in the alternative and only secondarily to the unauthorized disclosure cause of action.

Based on the order of presentation of the allegations, the greater time and effort spent on the unauthorized disclosure issue, the fact it was key to the other issues, and the lesser time and effort spent on the other causes of action, it appears that the Plaintiff's most important issue was that of unauthorized disclosure. The Plaintiff prevailed on this issue.

The first two prongs of the Section 7430(c)(4)(A) test are satisfied. First, the position of the United States was not substantially justified. Second, the Plaintiff substantially prevailed on his most important issue. The Court now turns to the matter of the amount of attorneys' fees that the Plaintiff should recover.

### III. What amount of attorneys' fees should be awarded?

█ Plaintiff requested attorneys' fees of $175,000.00, plus $2,458.73 in related litiga-

tion expenses. In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court established that in fee-shifting cases, the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended multiplied by the applicable hourly rate. This is true regardless of whether the plaintiff and attorney had a private fee contract. *Blanchard v. Bergeron*, 489 U.S. 87, 96, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989). Mallas' attorneys claim that they expended 1100 hours on this case with 916 of those hours properly documented in an affidavit. *MacDissi v. Valmont Industries*, 856 F.2d 1054 (8th Cir.1988) (district court has discretion to determine if reconstructed records accurately document the time that attorneys have spent). The statute allows for attorney fees of $75.00 per hour but provides for both a cost of living adjustment and an increase for other factors. 26 U.S.C. § 7430(c)(1)(B)(iii). Mallas' attorneys state that after adjustment, the reasonable rate is $113.00 per hour. The starting point for the calculation of fees is therefore $124,300.00.

■ The district court has discretion in determining the reasonableness of the amount of the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The district court's familiarity with the litigation aids in determining if the hours spent and proposed hourly rate are reasonable. Given the complexity of the case, the number of Plaintiffs, Defendants, and causes of action initially involved, the labor required, and the difficulty of the issues involved, 1100 hours at $113.00 per hour is reasonable. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 717 (5th Cir.1974) (listing various factors to be used in determining a reasonable fee).

The starting point amount may be adjusted upward or downward, based on the level of success of the prevailing party. Incomplete success is the most common basis for a downward adjustment. Where possible, the successful claims should be separated from the unsuccessful claims, and the Plaintiff should only be compensated for the successful ones. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939. However, in the majority of cases, courts have rejected as unsuccessful the contention that the starting point should be adjusted downward for unsuccessful claims, usually finding that the successful and unsuccessful claims were legally or factually intertwined or that counsel devoted most of its time to the litigation as a whole. *Abshire v. Walls*, 830 F.2d 1277, 1282–83 (4th Cir.1987); *see also Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) (claims involving a common core of facts). This Court will follow the Court of Appeals for the Fourth Circuit's opinion in *Abshire* and not attempt to untangle the successful claims from the unsuccessful claims.

The remaining question is what portion of the attorneys' time (1100 hours) should be allocated to Mallas. Allocation is necessary because the attorneys were paid one lump sum amount by Mallas on behalf of all ten of the initial Plaintiffs. The attorneys did not and could not reasonably be expected to apportion the fees by Plaintiff since all the Plaintiffs' claims were intertwined. Both Mallas and Jones succeeded on the unauthorized disclosure claim; however, only Mallas is motioning the Court for attorneys' fees.

The Complaint's ten initial Plaintiffs consisted of four individuals and six corporations. Two individual Plaintiffs and six corporate Plaintiffs were dismissed in September 1991. All the dismissed Plaintiffs had claims only under the Privacy Act. Five of the six dismissed Plaintiffs were wholly owned by Mallas and/or Jones. From this, it appears that the Plaintiffs can be grouped into three distinct groups rather than ten.

The Mallas group consists of the individual and his wholly owned corporations. The Jones group consists of Jones and his wholly owned corporations. The third group consists of the investors, two individuals, and one corporation. The investors group did not prevail at all under the Privacy Act, thus it is not eligible for attorneys' fees. The Jones group prevailed under 26 U.S.C. § 7431 but is not a party to this motion. That leaves Mallas, who by process of elimination is eligible for one-third of the attorneys' fees prior to September 1991 (dismissal of investors) and one-half after that point.

The starting point amount has been calculated in this case at $124,300.00. Thirty-

three percent of the amount up to September 1991 equals $28,439.00. Fifty percent of the amount after that date equals $19,492.00. The total award for attorneys' fees is $47,-931.00.[1] Other litigation expenses are adjusted downward to $820.00.

### Conclusion

Attorneys' fees of $47,931.00 and other litigation expenses of $820.00 are awarded to the Plaintiff's attorneys.

### ORDER

In light of the foregoing, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff's motion for attorneys' fees is granted in part. Plaintiff's attorneys' fees of $47,931.00 and other litigation expenses of $820.00 shall be paid by the Defendant. The arguments raised by the Defendant are without merit because the Plaintiff was the prevailing party on his most important issue.

IT IS SO ORDERED.

---

1. The attorneys documented 916 hours of the 1100 claimed and allowed. For simplicity, the 184 undocumented hours are divided evenly between the periods before and after September 1991 (dismissal of the investors). Hours prior to September 1991, divided by three, times $113.00 per hour equals $28,439.00. Hours after September 1991, divided by two, times $113.00 per hour equals $19,492.00. Total $47,931.00.